NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALLACE GASKINS, : | |
| : | Civil Action No. 18-1440 (JMV) |
| Petitioner, : | |
| : | |
| v. : | OPINION |
| : | |
| STEVEN JOHNSON, : | |
| : | |
| Respondent. : | |

**VAZQUEZ, District Judge:**

Before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (D.E. 23.) Petitioner seeks to vacate the Court's June 30, 2021, decision denying his Petition under 28 U.S.C. § 2254. Respondent filed an Opposition, (D.E. 23), and Petitioner did not file a reply. For the reasons stated in this Opinion, the Court will construe Petitioner's Rule 60(b)(2) and Rule 60(b)(4) claims as a second or successive § 2254 petition, dismiss that Petition for lack of jurisdiction, and will not issue a certificate of appealability. The Court will deny the remainder of Petitioner's Rule 60(b) motion.

**I.     STANDARD OF REVIEW**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are left to the sound discretion of the district court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b) motion if a movant shows extraordinary

circumstances, and a Rule 60(b) motion is not appropriate to reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).

II. DISCUSSION

A. Rule 60(b)(2) and Rule 60(b)(4) Claims

As a threshold matter, when a petitioner submits a Rule 60(b) motion after a court "has denied a . . . § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(b); *Burns*, 2018 WL 1942516, at *2. The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. Specifically, § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." "If a petitioner's Rule 60(b) motion attacks the manner in which he received a habeas judgment and not the underlying conviction, a court may adjudicate the Rule 60(b) motion on the merits." *Norwood v. United States*, No. 15-2996, 2019 WL 2429573, at *2 (D.N.J. June 11, 2019). On the other hand, when a Rule 60(b) motion seeks to collaterally attack a petitioner's underlying conviction, district courts must determine whether the motion is a second or successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

2

In this context, the term "second or successive" is a term of art. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). A petition is not second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Subject to some exceptions not relevant here, a petition is second or successive if (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions); *see also Benchoff*, 404 F.3d at 817.

If a § 2254 petition is second or successive, the filing of such a petition is only permissible under narrow circumstances:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)
> >
> > > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > >
> > > (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner's first two Rule 60(b) claims are relevant to this discussion. First, he argues under Rule 60(b)(2), that he has newly discovered evidence to challenge his *state court* judgment, *i.e.*, his amended judgment of conviction. (D.E. 23, at 6–7; D.E. 1, at 34–37.) Petitioner argues that he "discovered" that his trial judge failed to include certain information in the statement of reasons within Petitioner's amended judgment of conviction. (*Id*.) As a result of that failure, Petitioner next argues under Rule 60(b)(4), that his state court judgment is void. (*Id*. at 7–11.)[1]

As to the first element, this Court decided Petitioner's first § 2254 Petition on the merits, in June of 2021. (D.E. 21, 22.) Next, both the first Petition and the two new claims challenge Petitioner's amended judgment of conviction on murder and related charges. (*Compare* D.E. 1, *with* D.E. 23, at 7–11.) Finally, Petitioner could have raised this challenge to his judgment of conviction in his first Petition. Plainly, the factual predicate behind these claims, Petitioner's amended judgment of conviction, has been available since June of 2013. (D.E. 18-12, at 2–4.)

---

[1] A critical flaw in these arguments is that Petitioner is attacking his *state court* judgment, rather than this Court's federal habeas judgment. A Rule 60(b) motion must challenge an error in the judgment of this Court, not a different court's judgment. This Court's judgment did not address Petitioner's statement of reasons claim because Petitioner did not raise the claim in his first § 2254 Petition. (D.E. 1.) As a result, this Court did not err because Petitioner did not raise the issue.

Instead, Petitioner is attempting to use Rule 60(b) to challenge his state court judgment, but as the Third Circuit has held, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." *E.g.*, *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010); *Smith v. United States*, No. 14-1595, 2014 WL 1311408, at *1 (D.N.J. Mar. 27, 2014).

Additionally, whether the statement of reasons, or lack thereof, rendered Petitioner's judgment of conviction invalid is a question of state law. "Absent colorable allegations that his sentence constitutes cruel and unusual punishment . . . or that it is arbitrary or otherwise in violation of due process, the legality and length of his sentence are questions of state law," over which this Court has no jurisdiction. *E.g.*, *Rabaia v. New Jersey*, No. 15-4809, 2019 WL 699954, at *12–13 (D.N.J. Feb. 20, 2019) (citing *Chapman v. United States*, 500 U.S. 453, 465 (1991)).

Petitioner either had a copy of the document or could have requested the document, and discovered the alleged defect, at any time before he filed his first § 2254 Petition in January of 2018. Indeed, Petitioner attached a copy of the amended judgment of conviction to his first Petition. (D.E. 1, at 34–37.) Petitioner did not, however, address the judgment's allegedly deficient statement of reasons anywhere in the four grounds of his first Petition. (*Id*. at 12–20.)

Accordingly, Petitioner's claims under Rules 60(b)(2) and 60(b)(4) are second or successive challenges, and the Court will construe them as a second or successive § 2254 petition. Next, Petitioner does not allege, nor does it appear, that he has ever received permission from the Third Circuit to file a second or successive habeas petition. As a result, this Court does not have jurisdiction over Petitioner's second petition and will dismiss the second petition for lack of jurisdiction. 28 U.S.C. § 2244(b)(3)(A).

In such a situation, this Court may "if it is in the interest of justice, transfer such action . . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer these claims to the Third Circuit as it does not appear that Petitioner's claims fall within the narrow grounds for filing a second or successive petition. 28 U.S.C. § 2244(b)(2). Petitioner knew or could have known of the factual predicate for his second petition, *i.e.*, his amended judgment of conviction, before filing his first § 2254 Petition. 28 U.S.C. § 2244(b)(2)(B)(i). Once again, Petitioner attached a copy of the amended judgment to his first Petition. (D.E. 1, at 34–37.) Consequently, the Court will not transfer the second petition to the Third Circuit. This Court's decision does not prevent Petitioner from seeking authorization directly from the Third Circuit.

### B. Remaining Claims

Unlike Petitioner's first two claims, his Rule 60(b)(1) claim challenges the manner in which he received his habeas judgment, rather than collaterally attack his state court judgment. More specifically, in his Rule 60(b)(1) claim, Petitioner contends that this Court made a "mistake," and "*did not* carefully review[] 'the answer, . . . and records of state-court proceedings," and that an "evidentiary hearing is warranted." (D.E. 23, at 8–9 (emphasis in original).)  Under Rule 60(b)(1), a court may relieve a party of a final judgment under circumstances including "mistake, inadvertence, surprise, or excusable neglect." In making that determination, a court must consider "the prejudice to the non-moving party, whether the improper filing resulting from the mistake in question presents a meritorious claim or defense, the culpability of the moving party, and the effectiveness of alternative sanctions." *Carson v. New Jersey Dep't of Corr.*, No. 16-5163, 2019 WL 4645363, at *1 (D.N.J. Sept. 24, 2019) (citing *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 473 (3d Cir. 2017)).

Petitioner alleges that this Court made a mistake but fails to identify any specific error. (D.E. 23, at 9–11.)  To the extent Petitioner contends that the Court made a mistake with respect to his deficient statement of reasons claim, the Court disagrees.  Once again, Petitioner did not raise that claim in his first § 2254 Petition. (D.E. 1.)  Petitioner raised four grounds for relief, none of which addressed the allegedly defective statement of reasons in his amended judgment of conviction. (*Id*. at 12–20.)  Accordingly, this Court's prior judgment cannot contain a mistake as to an issue that Petitioner never raised.  Petitioner has failed to demonstrate that he is entitled to relief under Rule 60(b)(1).

Finally, to the extent Petitioner contends that the Court should vacate its judgment under Rule 60(b)(5), because his first three claims show that "it is no longer equitable" to apply that

6

judgment prospectively, the Court will deny that claim. As discussed above, this Court lacks jurisdiction over Petitioner's first two Rule 60(b) claims, and Petitioner's final claim lacks merit.

### III. CERTIFICATE OF APPEALABILITY

As the Court has construed Petitioner's Rule 60(b)(2) and Rule 60(b)(4) claims as a second or successive § 2254 petition, the Court must decide whether to issue a certificate of appealability over the new petition. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 petition. Consequently, the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, the Court construes Petitioner's first two Rule 60(b) claims as a second or successive § 2254 petition, and dismisses that petition for lack of jurisdiction, and will not issue a certificate of appealability.  The Court denies the remainder of Petitioner's Rule 60(b) motion.  An appropriate Order accompanies this Opinion.

Dated: 2/9/2022

                                                                        JOHN MICHAEL VAZQUEZ
                                                                       United States District Judge